FILED
JUN 29 2005
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) CR. NO. 2:05cr151-T |
| v. | ) [21 USC 846; |
| | ) 21 USC 841(a)(1); |
| CHARLES DAVID BOBO and | ) 21 USC 841(c)(2); |
| MARY WAGES BOBO, d/b/a | ) 18 USC 2] |
| HORN HILL GROCERY, and | ) |
| JESSICA SINGLETON | ) |
| | ) INDICTMENT |

The Grand Jury charges:

### COUNT 1

Beginning on or about April, 2000, and continuing to on or about May 1, 2003, the exact dates being unknown to the Grand Jury, in Covington County, Alabama, within the Middle District of Alabama and elsewhere,

CHARLES DAVID BOBO and
MARY WAGES BOBO, d/b/a
HORN HILL GROCERY, and
JESSICA SINGLETON,

defendants herein, did knowingly and willfully combine, conspire, confederate and agree together with other persons known and unknown to manufacture five grams or more of methamphetamine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### COUNT 2

On or about April 10, 2003, in Covington County, Alabama, within the Middle District of Alabama,

MARY WAGES BOBO, d/b/a
HORN HILL GROCERY,

defendants herein, while aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess and distribute pseudoephedrine, a Schedule I listed chemical, knowing and having reasonable cause to believe that listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

### COUNT 3

On or about April 24, 2003, in Covington County, Alabama, within the Middle District of Alabama,

> CHARLES DAVID BOBO and
> MARY WAGES BOBO, d/b/a
> HORN HILL GROCERY, and
> JESSICA SINGLETON,

defendants herein, while aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess and distribute pseudoephedrine, a Schedule I listed chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

### COUNT 4

On or about May 1, 2003, in Covington County, Alabama, within the Middle District of Alabama,

> CHARLES DAVID BOBO, d/b/a
> HORN HILL GROCERY,

defendant herein, while aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess and distribute pseudoephedrine, a Schedule I listed chemical, knowing and having reasonable cause to believe that the listed chemical would be used

to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)*(2), and Title 18, United States Code, Section 2.

### Forfeiture Allegation

A. Counts 1 through 4 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for violation of Title 21, United States Code, Sections 841 and 846, as alleged in Count 1 and/or Title 21, United States Code, Section 841, and Title 18, United States Code, Section 2, as alleged in Counts 2 through 4 of this indictment, the defendants,

> CHARLES DAVID BOBO and
> MARY WAGES BOBO d/b/a
> HORN HILL GROCERY, and
> JESSICA SINGLETON,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts 1 through 4 of this indictment, including but not limited to the following:

All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as Horn Hill Grocery, located in Opp, Alabama, being more particularly described as follows:

> The NW1/4 of the SE1/4 of Section 1, Township 3, Range 17; and also a parcel of land containing about 5 acres, more or less, in the Southeast corner of the SW1/4 of the NE1/4 of Section 1, Township 3, Range 17, described as follows: "Beginning in the Southeast corner of the said SW1/4 of the NE1/4 and running West along the Forty line 400 yards to the Opp-Florala public road; thence in a Northeasterly direction along said public road to the starting point; and also a parcel of land described as follows: "Beginning at the Northwest corner of the NE1/4 of the SE1/4 of Section 1, Township 3, Range 17, and running due South

3

*PER AUGUST 16, 2005, COURT ORDER (DN 46)

85 yards down Forty line; thence East 35 yards; thence South 140 yards; thence West 35 yards to the Forty line; thence North along Forty line 140 yards to the starting point; "Less and except 3 acres, more or less, in the Northwest corner of the NW1/4 of the SE1/4 of Section 1, Township 3, Range 17; containing in the aggregate 43 acres more or less. Less a 20' R/W along existing road along East side of NW1/4 of SE1/4.

C.    If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendants

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third person;

   (3) has been placed beyond the jurisdiction of the Court;

   (4) has been substantially diminished in value; or,

   (5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendants up to the value of the forfeitable property, all in violation of Title 21, United States Code, Sections 841, 846, and 853 and Title 18, United States Code, Section 2.

A TRUE BILL:

_____
Foreperson

_____
LEURA GARRETT CANARY
UNITED STATES ATTORNEY

_____
TOMMIE BROWN HARDWICK
Assistant United States Attorney

_____
JOHN T. HARMON
Assistant United States Attorney