IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    2:05-cr-00151-MHT-CSC |
| | ) |
| CHARLES DAVID BOBO, et. al. | ) |

## MOTION FOR BILL OF PARTICULARS

The defendant, Charles David Bobo, through his attorney, respectfully moves this Honorable Court to require the government to serve and file a bill of particulars, stating:

1. the names of the individuals, other than the defendants, whom the government alleges were involved in the conspiracy charged in Count 1 of the indictment;

2. the nature and date of any uncharged overt acts which the government alleges were part of the charged conspiracy; and

3. the circumstances of the defendant's alleged participation in the charged conspiracy.

Legal authority

Federal Rule of Criminal Procedure 7(f) provides that a court may, in its discretion, direct the government to file a bill of particulars. "The purpose of a true bill of particulars is threefold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citing *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985); 8 J. Moore, *Moore's Federal Practice* 7.06[1] (2d ed. 1986)). While a bill of particulars should not be viewed as a general discovery device, "[a] bill of particulars, properly viewed,

supplements an indictment by providing the defendant with information necessary for trial preparation." *Id.* (*citing United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981)). In conspiracy cases, "a bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses." *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) (*citing Will v. United States*, 389 U.S. 90, 99, 88 S.Ct. 269, 19 L.Ed. 2d 305 (1967)). It is appropriate for the trial judge to require the government to disclose the names of the unindicted coconspirators when that information is "necessary in a defendant's preparation for trial." *Id.*

A bill of particulars is necessary in this case in to allow the defendant to effectively prepare a defense and in order to minimize surprise at trial. Count 1 of the indictment charges that the three defendants conspired "together with other persons *known* and unknown to manufacture five grams or more of methamphetamine," beginning on or about April 2000 and continuing to on or about May 1, 2003. [Emphasis added]. The discovery provided by the government thus far includes the names only of the defendants and one confidential informant who allegedly purchased pseudoephedrine on three occasions – one time from the each of the defendants – in late April and early May of 2003. The discovery also includes evidence showing the purchase of pseudoephedrine from distributors presumably for sale at the Horn Hill Grocery during that time frame. The basis of the government's theory of prosecution appears to be that by selling pseudoephedrine to persons whom they allegedly knew or had reason to believe would use the pseudoephedrine to manufacture methamphetamine, the defendants entered into a conspiracy with those buyers of the pseudoephedrine to manufacture methamphetamine. If that is the government's theory, the government could potentially call numerous purchasers of pseudoephedrine as witnesses at trial and introduce evidence of many sales.

In order to adequately prepare a defense, the defendant would need to know the names of these individuals and the dates on which they allegedly bought pseudoephedrine so that the defense could attempt to interview these individuals and investigate their allegations, personal and criminal backgrounds, and activities, and attempt to find witnesses to challenge their testimony. It would be impossible for the defense to adequately prepare for trial without advance notice of the alleged unnamed co-conspirators.

In addition, if the defendant is surprised by previously unknown witnesses at trial, it would cause great inconvenience to the court and great inefficiency, as the defense would be forced to seek a continuance of the proceedings in order to investigate these individuals and their claims. Such surprise also would prejudice the defendant as his counsel would be forced to devote effort to last-minute investigation during the trial rather than focusing on the trial. Thus, the requested bill of particulars is necessary to protect the defendant's rights to due process, a fair trial, and effective assistance of counsel, as guaranteed to him by the Fifth and Sixth Amendments to the United States Constitution.

For these reasons, the Defendant respectfully requests that the government be ordered to file a bill of particulars setting forth the above-requested information.

Respectfully submitted, this the 15th day of September, 2005.

/s/ Marion D.Chartoff
MARION D. CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
(334) 263-4766
mchartoff@bellsouth.net

CERTIFICATE OF SERVICE

      I hereby certify that on September 15, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Ms. Tommie Brown Hardwick, Ms. Tiffany McCord, and Jennifer Hart.

      /s/ Marion Chartoff
MARION CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
Fax: (334) 263-4766
mchartoff@bellsouth.net